[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ORDER
Continuing analysis and review of the entire record in this case in connection with the defendants' pending September 16, 1997, Motion to Strike and/or Dismiss has persuaded me that significantly more detailed research, briefing, argument and analysis is needed before the court can rule on defendants' claim that the complaint should be stricken in whole or in part due to an alleged failure to sufficiently plead "injury-in-fact" or "actual damage."
Therefore, at 10 a.m. on February 6, 1998, the parties should be preliminarily prepared to discuss the following issues, CT Page 393 keeping in mind the fact that the plaintiffs in the various counts are differently situated. Depending on what transpires during the argument, written briefs on various issues, including some of those listed below, will almost certainly be required.
The parties are hereby put on notice that the need for significant additional arguments and briefing will in the court's view require alterations in the present case management order in connection with the contemplated time frames for completing the pleading sequence in this case; as well as discovery and trial. Therefore, I am delaying acting on the draft Fourth Case Management Order until argument on these matters has been completed and scheduling issues have been further discussed with counsel.
1. For each count, be prepared to discuss what you believe to be the essential elements of each claim, state and federal, which plaintiffs must prove to prevail.
2. Have there been any developments in federal or state case law, new decisions, or any changes in the status of the cases cited in the memoranda of law the parties have previously filed relating to the issue of "injury-in-fact" or "actual harm"? If, so, what are they and how do they relate to the pending Motion to Strike and/or Dismiss?
3. Are the parties aware of any scholarly analysis or commentary relating to the United States Supreme Court's "injury-in-fact" or "actual harm" analysis in class action cases, generally, and Lewis v. Casey, specifically? If so, please provide citations.
4. How have the Connecticut Supreme Court, Appellate Court, and trial courts defined "injury-in-fact" or "actual injury" in their decisions — particularly in class actions — and how are these definitions relevant to this case in the procedural contest of a motion to strike pursuant to Practice Book Section 152(1)?
5. How have the United States Supreme Court and lower federal courts defined "injury-in-fact" or "actual injury" in their decisions — particularly in class actions — and how are these definitions relevant to this case in the procedural context of a motion to strike pursuant to Practice Book Section 152(1)? CT Page 394
6. Does "injury-in-fact" or "actual harm" have the same meaning under Connecticut law as under federal law? If it has a different meaning, how is it different?
7. Is "injury-in-fact" or "actual harm" a pleading
requirement (e.g., something that must be pleaded to set out a claim) or a proof requirement (e.g., something that needn't be pleaded but must be proven at trial)?
8. To what extent, if any, should the decision in Strickland
v. Washington, 466 U.S. 668(1984) — particularly the requirement that in habeas corpus cases a defendant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of a proceeding would have been different," 466 U.S. at 694 — bear on the analysis of the "injury-in-fact" or "actual harm" issue in the context of the pending motion to strike? Please be prepared to discuss with reference to all counts as to which this analysis may be relevant in your view.
9. For purposes of the pending motion to strike — as opposed to the previously decided motion to dismiss — must plaintiffs explicitly plead "actual harm" or "injury-in-fact" to sufficiently allege a claim pursuant to Practice Book Section 152(1) in the Second Amended Class Action Complaint? Have they?
10. Please provide a definition of "injury-in-fact" or "actual harm" which should be applied to the claims being made in this case, with respect to each category of plaintiffs.
10a. Should the same definition be applied to all counts of the complaint?
11. Be prepared to provide citations to reported decisions in class actions involving constitutional claims similar to those raised in this case in which a court has ordered relief in the absence of the proving of "actual harm" or "injury-in-fact".
12. Can any of the plaintiffs in any count in the complaint in this case show that they are at imminent risk of harm, seeLuckey v. Harris, 860 F.2d 1012, 1017 (11th Cir. 1988), without also showing that persons have suffered "actual harm" or "injury-in-fact" in specific cases? CT Page 395
12a. For defendants: What variety and quantum of evidence of "actual harm" or "injury-in-fact" must plaintiffs prove to prevail?
13. See footnote 1 of Plaintiffs' Supplemental Memorandum in Further Opposition to Defendants' Motion to Dismiss dated August 1, 1996. Should the court, pursuant to Practice Book Section 108, now require the plaintiffs to make a fuller and more particular statement of the harms which plaintiffs allege, so as to define with greater particularity the precise adverse consequences which each class of plaintiffs are alleging, prior to ruling on the pending motion to strike?
Douglas S. Lavine, Judge, Superior Court